UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

<table>
<tr><td>

UNITED STATES DEPARTMENT
OF AGRICULTURE,

PLAINTIFF

v.

SANDRA LEE KELLEY,

DEFENDANT

and

CUMBERLAND COUNTY HOME
CONSORTIUM,

PARTY-IN-INTEREST

</td><td>

CIVIL ACTION NO.:

**COMPLAINT FOR FORECLOSURE
AND SALE**

**(Title to Real Estate Involved)**

</td></tr>
</table>

**Mortgage Recorded in Cumberland Registry of Deeds at Book 29297, Page 263**

**Street Address: 45 Jordan Ave, Brunswick ME 04011**

NOW COMES the United States Department of Agriculture (the "Plaintiff"), by and through its Counsel and complains against the Defendant as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1345.

2. Venue is properly exercised pursuant to 28 U.S.C. § 1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in in the State of Maine and the subject property is located in the State of Maine.

## PARTIES

3. Plaintiff is a Government Agency with an address of P.O. Box 66827, St. Louis, MO 63166.

Page 1 of 5

4. Sandra Lee Kelley ("Defendant") is an individual with a last-known mailing address of P.O. BOX 964, Town of Lisbon, County of Androscoggin, and State of Maine.

5. The Cumberland County HOME Consortium (CCHC) is a consortium of cities and towns throughout Cumberland County, formed by a Mutual Cooperation Agreement to provide low and moderate income persons and families affordable financing assistance for existing housing rehabilitation, first-time homebuyers, and new construction, with a business address of c/o Ronda Jones, Portland City Hall, 389 Congress Street, Portland, Maine 04101.

## FACTS

6. On or about January 13, 2012, Defendant Sandra Lee Kelley (the "Defendant") executed and delivered a promissory note (the "Note") to Plaintiff in the amount of $74,450.00. A true copy of the Note is attached hereto as **Exhibit 1** and is incorporated herein.

7. On or about January 13, 2012, Defendant granted a mortgage (the "USDA Mortgage") to Plaintiff to secure the Note. The Mortgage is recorded in the Cumberland County Registry of Deeds at Book 29297, Page 263. A true copy of the Mortgage is attached hereto as **Exhibit 2** and is incorporated herein.

8. The property secured by the Mortgage is commonly known as 45 Jordan Ave, Brunswick ME 04011 and is more particularly described in Exhibit A the Mortgage (the "Property").

9. ("CCHC")may claim an interest in the Property by virtue of that certain HOMEPORT Program Mortgage Deed dated January 11, 2013, and recorded in the Cumberland County Registry of Deeds in Book 29297, Page 270 (the "CCHC Mortgage"). A true copy of the CCHHC Mortgage is attached hereto as **Exhibit 3** and is incorporated herein.

Foreclosure of Mortgage Pursuant to 14 M.R.S.A. §§ 6321-6326

10. Default exists under the terms of the Note in that the monthly payment due under the terms of the Note on December 13, 2022, and all further payments coming due under the terms of the Note on any later date, have not been paid.

11. As a result of the default under the terms of the Note, the condition of the USDA Mortgage has been breached.

12. Plaintiff has complied with 14 M.R.S.A. § 6111 and all notice provisions in the Note and USDA Mortgage.  A true copy of the notice required by 14 M.R.S.A. § 6111, as sent by Plaintiff's Counsel, together with proof of mailing of the same, collectively are attached as **Exhibit 4** and are incorporated herein.

13. As of December 15, 2024, the amount due and owing on the loan evidenced by the Note, and secured by the USDA Mortgage, consisted of $61,111.88 in principal, $15,349.30 in accrued interest and $10,557.15 in other fees, for a total of $87,018.33.

14. Additional interest continues to accrue on the principal balance at the rate of $5.4415 per day.

15. Under the terms of the Note and the USDA Mortgage, repayment of all costs and expenses, including reasonable attorney's fees, incurred by Plaintiff in enforcing the Note, and in bringing this action, are payable to the Plaintiff and are secured by the USDA Mortgage.

16. Under the terms of 14 M.R.S.A. § 6101, if the Plaintiff prevails in foreclosing upon the USDA Mortgage in this proceeding, then it shall be entitled to have its reasonable attorney's fees incurred for the foreclosure to be included with the expense of publication, service, and recording in making up the sum to be tendered by Defendant, or any person

claiming under Defendant, in order to be entitled to redeem the Property from the

Mortgagee.

17. Plaintiff certifies that it is the owner and holder of the Note and owner of the USDA

Mortgage, and that Plaintiff is the party entitled to enforce the Note as the owner and

holder of the same.

**WHEREFORE**, Plaintiff prays that this Court:

A.    Determine that there has been a breach of condition of the USDA Mortgage;

B.    Determine the amount due on the obligations secured by the USDA Mortgage, including, but not limited to, principal, interest, late charges, reasonable attorney's fees, and court costs;

C.    Determine the order of priority of such other parties as may appear, together with the amounts due such parties, if any;

D.    Issue a judgment of foreclosure and sale in conformity with Title 14, §6322;

E.    Grant possession of the Property to Plaintiff upon expiration of the period of redemption; and

F.    Grant Plaintiff such other and further relief as this Court deems just and proper.

Dated this May 13, 2025

/s/ *Kevin J. Crosman*
Kevin J. Crosman, Bar No. 4279
Attorney for Plaintiff

JENSEN BAIRD
Ten Free Street
PO Box 4510
Portland, Maine 04112-4510
(207) 775-7271
kcrosman@jensenbaird.com