UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES DEPARTMENT OF AGRICULTURE, </br></br>         Plaintiff </br></br>    v. </br></br> SANDRA LEE KELLEY, </br></br>         Defendant | ) </br> ) </br> ) </br> ) </br> ) </br> )   2:25-cv-00278-NT </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER ON MOTION FOR SERVICE**

The United States Department of Agriculture filed a motion to serve its foreclosure complaint upon Defendant Sandra Lee Kelley by alternative means—specifically, by delivery to Defendant's United States Postal Service Post Office Box. (Motion, ECF No. 10.) Following a review of the record and after consideration of Plaintiff's arguments, the Court denies without prejudice Plaintiff's motion.

### BACKGROUND

Plaintiff asserts that Defendant's last known residential address is 45 Jordan Avenue, Brunswick, Maine, and her last known mailing address is P.O. Box 964, Lisbon, Maine. (Motion ¶¶ 1–2.) Plaintiff attempted, through the Cumberland County Sheriff's Office, to serve Defendant with the complaint and summons on June 12, 2025, at 45 Jordan Avenue. (*Id.* ¶ 3.) According to Plaintiff, no one was at the address when a Deputy Sheriff arrived at the address to serve Defendant. (Crosman Affidavit ¶ 4, ECF No. 10-1.) The deputy also noted that the property looked vacant and a sign on the door stated the structure was unsafe for human occupancy. (Service Worksheet, ECF No. 10-2.) Based on this

failed attempt to serve Defendant, Plaintiff seeks leave to serve Defendant by mailing the service documents to Defendant at her P.O. Box. (Motion ¶ 7.)

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure 4(e), service may be accomplished by delivering a copy of the summons and the complaint to the individual personally, leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, [or] delivering a copy to an agent authorized by appointment or by law to receive service of process." *Wells Fargo Bank, N.A. v. Dodge*, No. 2:22-cv-00412-LEW, 2024 WL 1309377, at *1 (D. Me. Mar. 27, 2024). "Service may also be accomplished 'by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district [court] is located or where service is made.'" *Id.* (quoting *Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *2 (D. Me. June 13, 2016)).

Maine law permits service by alternate means "on motion upon a showing that service cannot with due diligence be made by another prescribed method." Me. R. Civ. P. 4(g)(1). To satisfy that standard, a movant must submit "a draft, proposed order to provide the requested service by alternative means," containing the content specified in Rule 4(g)(2), as well as an affidavit showing that (1) the movant has demonstrated due diligence in attempting to obtain personal service of process, (2) the identity and/or physical location of the person to be served cannot reasonably be ascertained, or is ascertainable but it appears the person is evading process; and (3) the requested method and manner of service is reasonably calculated to provide actual notice of this action and is the most practical

method of effecting notice of the suit. Me. R. Civ. P. 4(g)(1)(A)–(C). Whether a movant's actions constitute due diligence depends on the factual circumstances of the case. *MATSCO v. Brighton Family Dental, P.C.*, 597 F. Supp. 2d 158, 163 (D. Me. 2009).

Maine allows alternate service to be made "by leaving a copy of the order authorizing service by alternate means, the summons, complaint, and notice regarding Electronic Service at the defendant's dwelling house or usual place of abode," "by publication unless a statute provides another method of notice," or "electronically or by any other means not prohibited by law." Me. R. Civ. P. 4(g)(1).

### DISCUSSION

Plaintiff's efforts to serve Defendant consist of one attempt by a deputy sheriff to serve Defendant at her last known address, which property is evidently abandoned. Plaintiff has presented no evidence to suggest that it has made any other attempts to locate Defendant.

A threshold question is whether the one attempt to serve Defendant at her last known address constitutes due diligence. Because notice is fundamental to due process, the preferred method of service is personal service. When a party seeks to serve by means other than the preferred method, more than one attempt is generally necessary. Here, even though the property located at Defendant's last known address appears to be abandoned, Plaintiff must make further efforts to locate Defendant to serve her in person before the Court could reasonably conclude that Plaintiff has demonstrated the required due diligence to serve Defendant personally. *Cf. Edson v. Riverside Psychiatric Ctr.*, No. 1:16-cv-00079-JAW, 2016 WL 3257003, at *1 (D. Me. June 13, 2016) (discussing plaintiff's efforts to

locate defendant including searching public records, social media websites, and government websites); *MATSCO*, 597 F. Supp. 2d at 163 (collecting cases). Because Plaintiff has not demonstrated the due diligence necessary to support service by an alternate means, the Court must deny Plaintiff's motion.

## CONCLUSION

Based on the foregoing analysis, the Court denies without prejudice Plaintiff's motion to serve Defendant by alternate means.

## **NOTCE**

    Any objections to the Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison<br>U.S. Magistrate Judge

Dated this 11th day of August, 2025.